United States District Court
Southern District of Texas
FILED

JUN 2 0 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BARBARA GARCIA AND | § | |
| ASHLEY RODRIGUEZ | § | |
| | § | CIVIL ACTION NO. **B-03-117** |
| VS. | § | |
| | § | **JURY DEMANDED** |
| ALLSTATE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.

Petitioner is the Defendant in a civil action now pending in the 357th Judicial District Court in Cameron County, Texas, Cause Number 2003-05-2724-E, styled *Barbara Garcia and Ashley Rodriguez v. Allstate Property and Casualty Insurance Company*, wherein Plaintiffs seek monetary and other relief for personal injuries and constitutional injuries sustained by Plaintiffs.

### II.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship

rom\motions\20909.removal

from the plaintiffs.  No defendant is a citizen of the State of Texas.

### III.

The Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, are domiciled in Cameron County, in the State of Texas, and were domiciled there at the time this action was commenced.  Plaintiffs were at that time and are now citizens of the State of Texas. Allstate Property and Casualty Insurance Company, the Defendant, is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois.  Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

### IV.

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).  Should Plaintiffs prevail on the claims against Defendant stated in the Plaintiffs' Original Petition, attached to this Notice, Plaintiffs would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00)

### V.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1332 because the plaintiffs and defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VI.

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiffs' Original Petition, which was the first notice to Defendant of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

## VII.

Petitioner's time to answer or remove with respect to the Plaintiffs' Original Petition has not expired. Plaintiffs' Original Petition was served on the Defendant on June 4, 2003.

## VIII.

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the 357th District Court in Cameron, County, Texas to this Court, on this 20th day of June, 2003.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520
(956) 542-5666
(956) 542-0016 (Fax)


BY: _____
     JEFFREY D. ROERIG
     Federal ID #1503
     State Bar #17161700

Rosemary Conrad-Sandoval
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove
McAllen, Texas   78504
(956) 631-8049
(956) 631-8141 (Fax)

ATTORNEYS FOR DEFENDANT

# VERIFICATION

THE STATE OF TEXAS    :
                               :

COUNTY OF CAMERON    :

        I, JEFFREY D. ROERIG, being first duly sworn, deposes and says that: I am counsel for Petitioner, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY; I am familiar with the contents of the above; and to the best of my knowledge the contents thereof are true and correct.



_____
JEFFREY D. ROERIG

        SUBSCRIBED AND SWORN TO BEFORE ME by the said JEFFREY D. ROERIG, this 20th day of June, 2003, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

RUTH MONK
Notary Public, State of Texas
My Commission Expires 12-07-2005

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail No. 7160 3901 9844 1941 8247, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Mr. Paul A. Higdon
STERN, MILLER & HIGDON
5821 Southwest Freeway, Suite 501
Houston, TX   77057

on this 20th day of June, 2003.

JEFFREY D. ROERIG

rom\motions\23673.removal

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

**BARBARA GARCIA AND**          §
**ASHLEY RODRIGUEZ**            §                    CIVIL ACTION NO. **B-03-117**
                               §
**VS.**                        §                    **JURY DEMANDED**
                               §
**ALLSTATE PROPERTY AND**      §
**CASUALTY INSURANCE COMPANY** §

## LIST OF COUNSEL OF RECORD

**ATTORNEY FOR PLAINTIFF**:
Mr. Paul A. Higdon
State Bar No. 09590700
STERN, MILLER & HIGDON
5821 Southwest Freeway, Suite 501
Houston, TX   77057
(713) 661-9900
(713) 666-5922 (Fax)

**ATTORNEYS FOR DEFENDANT**:
Mr. Jeffrey D. Roerig
Fed. I.D. No. 1503
State Bar No. 17161700
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)

Ms. Rosemary Conrad-Sandoval
Fed. I.D. No. 13738
State Bar No. 04709300
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove
McAllen, TX   78504
(956) 631-8049
(956) 631-8141 (Fax)

LIST OF COUNSEL - Solo Page

rom\motions\223673.counsel

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **BARBARA GARCIA AND** | § | |
| **ASHLEY RODRIGUEZ** | § | |
| | § | **CIVIL ACTION NO. B-03-117** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| **ALLSTATE PROPERTY AND** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |

## INDEX OF MATTERS FILED

I.   **State Court Documents**

      A.   Plaintiff's Original Petition

      B.   Citation to Allstate Insurance Company

      C.   Defendant's Original Answer

      D.   Civil Docket Sheet

      E.   Notice of Filing Notice of Removal


II.  **Federal Court Documents**

      A.   Civil Cover Sheet

      B.   Notice of Removal

      C.   List of Counsel of Record

      D.   Order for Conference and Disclosure of Interested Parties

      E.   Index of Matters Filed

NO. 2003-05-2794-E

| | | |
|---|---|---|
| BARBARA GARCIA and ASHLEY RODRIGUEZ | § § § | IN THE DISTRICT COURT OF |
| V. | § § | CAMERON COUNTY, TEXAS |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | § § § | 357 JUDICIAL DISTRICT |

FILED
AURORA DE LA GARZA

MAY 2 9 2003

DISTRICT COURT OF CAMERON COUNTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, BARBARA GARCIA and ASHLEY RODRIGUEZ, Plaintiffs in the above entitled and numbered cause, complaining of and against Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and for cause of action would respectfully show unto the Court and Jury the following:

I.

Plaintiffs are residents of Cameron County, Texas.

Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY is a foreign company and may be served with citation by and through its registered agent: C.T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

II.

Plaintiffs would respectfully show unto the Court and Jury that for good and valuable consideration Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, issued and delivered to EVANGELINA GARZA, in Harlingen, Cameron County, Texas, an automobile insurance policy insuring EVANGELINA GARZA, and any and all occupants of said vehicle in the amount of $20,000.00 per person and $50,000.00 per accident. Said policy contained the standard uninsured/underinsured

1

motorist clauses in which the insured should be legally entitled to recover the money damages under the uninsured/underinsured motorist clause as she would be able to from the owner or operator of an uninsured automobile due to bodily injury, sickness or disease, which was caused by the accident arising out of the ownership, maintenance and use of such automobile. Said policy was in full force and effect at the same time and on the occasion made the basis of this suit.

Plaintiffs have co-operated with the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and have furnished all medical evidence and bills, or notice thereof, to the Defendant and has cooperated with each and every request of said Defendant's representatives.

### III.

Plaintiffs have complied with all conditions precedent as provided in said policy of insurance. Plaintiffs would further show that, at the time in which Plaintiffs complied with the conditions precedent in said policy of insurance, said compliance was reasonable under the circumstances. Defendant has failed and refused, and still fails and refuses, to pay Plaintiffs any benefits under this policy as it is contractually required to do so.

### IV.

The injuries and damages suffered by Plaintiffs, BARBARA GARCIA and ASHLEY RODRIGUEZ, which form the basis of this lawsuit, arose out of an occurrence on or about March 18, 2002 in Harlingen, Cameron County, Texas. Plaintiff BARBARA GARCIA was operating an automobile in Harlingen, Cameron County, Texas, when she was suddenly, violently and without warning, involved in a collision caused by a third-party driver. Plaintiff,

2

BARBARA GARCIA, was an uninsured motorist as that respective term is defined under Texas law.

Plaintiffs would show that the uninsured motorist coverage, which is the basis of the complaint against Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, is a first party claim within the definition of Article 21.55 of the Texas Insurance Code.

Plaintiffs would show that they submitted their first party claim for uninsured Motorist Insurance benefits to Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, which was received by said Defendant on April 15, 2002 and acknowledged by Defendant on April 22, 2002.

According to the provisions of Article 21.55 of the Texas Insurance Code, Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY needed to acknowledge receipt of the claim, commence an investigation of the claim and request all items, statements, and forms that the Defendant reasonably believed, at that time, would be required of the claimant, without prejudice to Defendant to request other necessary information beyond that time.

Plaintiffs would further show that the provisions of Article 21.55 of the Texas Insurance Code require the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, to have accepted or rejected Plaintiffs' claim within fifteen business days of receipt of any additional requested information from the claimant. Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY failed to accept or reject the Plaintiffs' claim within the time period prescribed by Article 21.55 of the Texas Insurance Code and failed to commence an investigation.

3

Pleading further, Plaintiffs would show that Article 21.55 of the Texas Insurance Code provides that if the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, fails to have paid this claim within fifteen days of receipt of all items requested from claimants, that Defendant shall pay damages, including the amount of the claim, 18 percent per annum of the amount of the claim as damages, together with reasonable attorneys fees, said fees shall be taxed as part of the costs in the case.

Pleading further, Plaintiffs would show that Article 21.55 of the Texas Insurance Code provides that if the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, fails to abide with the requirements of Article 21.55 of the Texas Insurance Code, that Defendant shall pay damages, including the amount of the claim, 18 percent per annum of the amount of the claim as damages, together with reasonable attorneys fees, said fees shall be taxed as part of the costs in the case.

Plaintiffs plead that in the event they should rightly recover under this first party claim, they seek to recover and should recover all damages afforded to them under the provisions of Article 21.55 of the Texas Insurance Code, said amount being within the jurisdictional limits of this Court.

Plaintiffs would further show that Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY committed, but not limited to, one or more violations of Texas Insurance Code Article 21.21 as follows:

1.  Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear;

2.  Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amount ultimately recovered in suits brought by them;

4

3. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

4. Failing to affirm or deny coverage of a claim to a policyholder within a reasonable time after being put on notice;

5. With respect to the Texas personal automobile policy, delaying or refusing to settle a claim solely because there is other insurance of a different type available to satisfy partially or entirely the loss forming the basis of that claim; and

6. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

In this regard, Plaintiffs would show that Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has unreasonably withheld benefits due and owing Plaintiffs under the aforesaid insurance policy.

Plaintiffs would further show that Defendant's conduct also violated Texas Insurance Code Article 21.21 §4 (1) and §4 (2).

Plaintiffs would further show that the Defendant may be liable for treble damages, costs of court and attorney's fees pursuant to the Texas Insurance Code.

Plaintiffs would further show that the Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has breached its duty of good faith and fair dealing owed to Plaintiffs. In this regard, Plaintiffs would show that said breach was committed in a negligent manner and/or grossly negligent manner. Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY breached its duty of good faith and fair dealing, but not limited to, in the following ways:

1. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY refused to pay the amounts due Barbara Garcia and Ashley Rodriguez once liability became reasonably clear;

5

2.    ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has delayed settlement of Barbara Garcia and Ashley Rodriguez's claim without a reasonable basis for such delay;

3.    ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has imposed a significant hardship upon its insured at a time when it knows that she is least able to endure it; and

4.    ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY used its superior economic bargaining power to make the claims process more arduous and time-consuming in an effort to lessen the likelihood that it would have to pay just claims.    This is an unfair claims practice and is not supported by the terms of the policy, by the applicable laws and regulations, or by reasonable business practices.

5.    ALLSTATE failed to conduct a reasonable investigation with respect to the claim.

Plaintiffs would further show that Defendant's actions indicate a conscious disregard for the rights and welfare of Plaintiffs and others similarly situated to Plaintiffs and now herein sues for exemplary damages.

### V.

Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim.    Therefore, Plaintiffs are entitled to recover from Defendant the additional sum of 18% per year of the amount payable under the policy, together with a reasonable sum for the necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

### VI.

Plaintiffs, BARBARA GARCIA and ASHLEY RODRIGUEZ, would show that nothing that they did, or failed to do, in any way contributed to this accident.

6

## VII.

Said elements of damage which Plaintiffs, BARBARA GARCIA and ASHLEY RODRIGUEZ, seek to recover from the Defendant include compensation for the following:

1.    The physical pain and disability sustained by Plaintiffs from date of injury to the time of trial;

2.    Future physical pain and disability reasonably anticipated to be sustained by Plaintiffs in the future;

3.    Mental anguish and suffering sustained by Plaintiffs from date of injury to time of trial;

4.    Mental anguish and suffering which is reasonably anticipated to be suffered by Plaintiffs in the future;

5.    Loss of earnings sustained by Plaintiffs from date of injury to time of trial;

6.    Loss of earnings and earning capacity reasonably anticipated to be suffered by Plaintiffs in the future;

7.    Reasonable and necessary medical expenses incurred by Plaintiffs in the treatment of Plaintiffs' injuries from date of injury to time of trial;

8.    Reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiffs in the future for treatment of Plaintiffs' injuries and the required surgery;

9.    Past and future physical disfigurement;

10.    Past and future physical impairment;

11.    Contractual damages;

12.    Statutory and extra contractual damages under Articles 21.55 and 21.21;

13.    Reasonable attorneys' fees; and

14.    Exemplary damages

As such, Plaintiffs, BARBARA GARCIA and ASHLEY RODRIGUEZ, affirmatively pleads that they seek monetary relief aggregating more than $50,000.00.

7

## VIII.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon final trial hereof, Plaintiffs recovers from said Defendant, a sum in excess of the minimum jurisdictional limits of the Court, actual damages, statutory damages, contractual damages, extra contractual damages, the additional sum of 18% per year of the amount payable under the policy, costs of Court, pre-judgment and post-judgment interest at the legal rate, reasonable attorneys' fees, exemplary damages; and for any and all further relief, both general and special, legal and equitable to which Plaintiffs may be justly entitled.

Respectfully submitted,

**STERN, MILLER & HIGDON**

**PAUL A. HIGDON**
SBN: 09590700
5821 Southwest Freeway, Suite 501
Houston, TX 77057
713/661-9900
713/666-5922 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

5814.09

8

BARBARA GARCIA and
Ashley Rodriguez
         Plaintiff

v.

Allstate Property and
Casualty Insurance  Defendant

Cause No. 03-05-2724-E

§
§
§
§
§
§

IN THE DISTRICT COURT OF 8'35
Cameron
~~HARRIS~~ COUNTY, TEXAS  AURORA DE LA GARZA, CLERK

357 JUDICIAL DISTRICT

MAY 29 2003

## CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition, and a copy attached to every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. <u>This form does not constitute a discovery request, response, or supplementation, and is not admissible at trial.</u>

      Service must be obtained promptly. Notice is hereby given that, per Harris County Local Rule 3.6, any case in which no answer has been filed or default judgement signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of Action:    ☐ Commercial    ☐ Personal Injury    ☐ Death    ☐ Other

Check all claims pled:

| | | | |
|---|---|---|---|
| ☐ Account due | ☐ Defamation | ☐ Fraud | ☐ Product liability |
| ☐ Admiralty | ☐ Disbarment | ☐ Garnishment | ☐ Post judgment |
| ☐ Assault | ☐ Discrimination | ☐ Injunction/TRO | ☐ Railroad |
| ☐ Asbestos | ☐ Dram shop | ☐ Insurance bad faith | ☐ Real estate |
| ☐ Auto | ☐ DTPA | ☐ Malicious prosecution | ☐ Securities fraud |
| ☐ Bill of review | ☐ Employment discharge | ☐ Malpractice/Legal | ☐ Sequestration |
| ☐ Business dissolution | ☐ Environmental tort | ☐ Malpractice/Medical | ☐ Silicone implant |
| ☐ Conspiracy | ☐ Expunction | ☐ Malpractice/Other | ☐ Tax |
| ☑ Contract | ☐ False imprisonment | ☐ Name change | ☐ Tortious interference |
| ☐ Deed restriction | ☐ Foreclosure | ☐ Note | ☐ Trespass |
| ☐ Declaratory judgment | ☐ Forfeiture | ☐ Premises liability | ☐ Workers compensation |

☑ Other  Breach.

Has this dispute previously been in the ~~Harris~~ Cameron County courts? ☑ No   ☐ Yes, in the following court:_____

| | |
|---|---|
| Monetary damages sought: | ☐ less than $100,000    ☑ greater than $100,000 |
| Estimated time needed for discovery | ☐ 0-3 months   ☑ 4-6 months   ☐ 7-12 months   ☐ >1 year |
| Estimated time needed for trial: | ☐ 1-2 days   ☑ 3-5 days   ☐ 6-10 days   ☐ >10 days |
| Is there a likelihood of experts other than treating physicians or experts on attorney's fees? ☐ Yes   ☑ No | |
| Is immediate ADR requested?    ☐ Yes   ☑ No | |

Name of party filing this cover sheet:  Paul A. Higday

Signature of attorney or pro se filing cover sheet:  Paul A. Higday

Name printed: Paul A. Higday

Phone No.: 713-661-9980      Bar No.: 09590700

## FOR COURT USE ONLY:

Track assigned:    ☐ Track 1    ☐ Track 2    ☐ Track 3

Court Coordinator _____     Date: _____

**CIVIL PROCESS REQUEST**

FOR EACH PARTY SERVED YOU MUST FURNISH 1 COPY OF THE PLEADING
FOR WRITS FURNISH 2 COPIES OF THE PLEADING PER PARTY TO BE SERVED

CASE NUMBER: _____    CURRENT COURT: _____

INSTRUMENT TO BE SERVED (see reverse for types): Original Petition

FILE DATE OF MOTION _____
                              MONTH/                    DAY/                    YEAR

SERVICE TO BE ISSUED ON (please list exactly as the name appears in the pleading to be served)

1.    NAME: Allstate Insurance Company

      ADDRESS: _____

      AGENT (if applicable): C.T. Corporation System, 350 N. ~~Peach~~ St. Paul S, Dallas, Tx. 75201

      TYPE OF SERVICE (see reverse for specific type): Citation

      SERVICE BY (check one): CONSTABLE ____    NON-RESIDENT ____    OUT OF COUNTY ✓

      AUTHORIZED PERSON Cameron County District Court  PHONE NO. _____
                                                              via Certified Mail

      PUBLICATION _____    OTHER _____

(see reverse for types)                          (Specify)

*******************************************************************************

2.    NAME: _____

      ADDRESS: _____

      AGENT (if applicable): _____

      TYPE OF SERVICE (see reverse for specific type): _____

      SERVICE BY (check one): CONSTABLE ____    NON-RESIDENT ____    OUT OF COUNTY____

      AUTHORIZED PERSON _____    PHONE NO. _____

      PUBLICATION _____    OTHER _____

(see reverse for types)                          (Specify)

_____

ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:

NAME: Paul A. Higdon    TEXAS BAR NO./ID NO. 09590700

MAILING ADDRESS: 5921 Southwest Freeway, Suite 501, Houston, Tx. 77057

AREA CODE: ( 713 )    TELEPHONE NO. 661-9900

SERVICE REQUESTS WHICH CAN NOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.
SERVICE REQUESTS WILL BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES AND FEES REFUNDED UPON REQUEST OR
AT THE DISPOSITION OF THE CASE.

Citation for Personal Service  - BY CE   IFIED MAIL     Lit. Seq. # 5.003.0.

No. 2003-05-002724-E

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALLSTATE PROPERTY AND CASUALTY INSURANCE
    SERVING ITS REGISTERED AGENT
    C.T. CORPORATION SYSTEM
    350 N. ST. PAUL STREET
    DALLAS, TEXAS 75201

the _____DEFENDANT_____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on ___MAY 29, 2003___ .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-05-002724-E.

The style of the case is:

    BARBARA GARCIA AND ASHLEY RODRIGUEZ
                    VS.
    ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

Said petition was filed in said court by _____PAUL A. HIGDON_____ (Attorney for _____PLAINTIFF_____ ), whose address is 5821 SOUTHWEST FREEWAY,STE.501 HOUSTON, TEXAS  77057_____ .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 30th day of __MAY__ , A.D. 2003.

_____AURORA DE LA GARZA_____ , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: _____ , Deputy

**U.S. Postal Service**
**CERTIFIED MAIL☐ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com☐

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To ALLSTATE PROPERTY AND CASUALTY INS.
Street, Apt No.; 350 N. ST. PAUL STREET
or PO Box No.
City, State, ZIP+4 DALLAS, TEXAS 75201

PS Form 3800, June 2002          See Reverse for Instructions

7002 2410 0000 9582 1928

**ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the <u>30th</u> of

<u>MAY    2003</u>, I mailed to

<u>ALLSTATE PROPERTY AND CASUALTY INSURANCE</u>

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.    95821928
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

AURORA DE LA GARZA    District Clerk
Cameron County, Texas

By:_____ Deputy

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse
  so that we can return the card to you.
- Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

ALLSTATE PROPERTY AND
CASUALTY INS.
SERVING ITS REGISTERED AGENT
C.T. CORPORATION SYSTEM
350 N. ST. PAUL STREET
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                          ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

JUN 0 4 2003

3. Service Type CORPORATION
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7002 2410 0000 9582 1928

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1035

CAUSE NO. 2003-05-02724-E

| | | |
|---|---|---|
| BARBARA GARCIA AND | § | IN THE DISTRICT COURT |
| ASHLEY RODRIGUEZ | § | |
| | § | |
| VS. | § | 357ᵀᴴ JUDICIAL DISTRICT |
| | § | |
| ALLSTATE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

FILED _____ O'CLOCK ____ M
JUN 1 8 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

**DEFENDANT'S ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant in the above-styled and numbered cause, and files this its Original Answer to Plaintiffs' Original Petition and would show the Court the following:

**I.**

Defendant denies each and every, all and singular, the allegations contained in Plaintiffs' Original Petition, and demands strict proof thereof as required by law.

**II.**

The Defendant specially excepts to Paragraph VII and the Prayer of Plaintiffs' Original Petition wherein Plaintiffs allege damages but wholly fail to set forth the amount of contended past and future damages for each element and without such specific allegations the Defendant cannot properly prepare its Answer and defenses herein and of this Special Exception, Defendant prays judgment of the Court.

**III.**

By way of further answer herein, Defendant denies that Plaintiffs are entitled to

DEFENDANT'S ORIGINAL ANSWER - Page 1

recover punitive damages in this case since Defendant's conduct at all relevant times demonstrated reasonable care. To recover punitive damages, the Plaintiffs must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. An intent to injure, actual or constructive, is completely absent in this case.

## IV.

By way of further answer, Defendant states that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, further violating the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

## V.

Defendant further states that the correct standard for submitting its burden of proof for punitive damages is "clear and convincing evidence." Any lesser standard is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution, and Sec. 41.001(2) of the Texas Civil Practice and Remedies Code.

## VI.

Defendant would further request a bifurcated trial of this case in accordance with Sec. 41.009 of the Texas Civil Practice and Remedies Code. Pursuant to this section, Defendant would request bifurcation of the determination of the amount of punitive damages from the remaining issues in the case.

rom\orig.ans\23673

## VII.

Defendant hereby makes its written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the District Clerk of Cameron County, Texas, the requisite jury fee of Thirty Dollars ($30.00).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' suit be dismissed at Plaintiffs' cost, and for such other and further relief to which this Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)
Attorneys for Defendant

By _____
JEFFREY D. ROERIG
Texas State Bar #17161700
ROSEMARY CONRAD-SANDOVAL
Texas State Bar #04709300

rom\orig.ans\23673

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been mailed, Certified Mail No. 7160 3901 9844 1941 8209, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Mr. Paul A. Higdon
STERN, MILLER & HIGDON
5821 Southwest Freeway, Suite 501
Houston, TX  77057

on this 18ᵗʰ day of June, 2003.

JEFFREY D. ROERIG

DEFENDANT'S ORIGINAL ANSWER – Page 4

rom\orig.ans\23673

# ROERIG, OLIVEIRA & FISHER, L.L.P.
## ATTORNEYS AT LAW

Jeffrey D. Roerig++
Rene O. Oliveira
W. Michael Fisher
Ricardo Morado
Crisanta Guerra Lozano
Elizabeth G. Neally
Victor V. Vicinaiz*+
David G. Oliveira

Cameron County Office
855 West Price Road - Suite 9
Brownsville, Texas 78520-8786
Tel. 956 542-5666     Fax 956 542-0016

*Hidalgo County Office
506 East Dove
McAllen, Texas 78504
Tel. 956 631-8049     Fax 956 631-8141

Adolph Guerra, Jr.+
D. Alan Erwin, Jr.
Michael A. Zanca*
Rosemary Conrad-Sandoval*
Lucila Alvarado*
Jesus Quezada, Jr.
Adrian R. Martinez*
Liza M. Vasquez*

+Board Certified -
   Personal Injury Trial Law
   Texas Board of Legal Specialization
+Board Certified -
   Civil Trial Law
   Texas Board of Legal Specialization

June 17, 2003

File No.:

23,673

Mrs. Aurora de la Garza
Cameron County District Clerk
974 East Harrison
Brownsville, Texas   78520

Re:   Cause No. 2003-05-02724-E
      *Barbara Garcia and Ashley Rodriguez v.*
      *Allstate Property and Casualty Insurance Company*

Dear Mrs. de la Garza:

Enclosed find Defendant's Original Answer to be filed in the above-styled and numbered cause. Additionally enclosed find our firm check, in the amount of $30.00, in payment of the jury fee.

Please file the above Answer of record and return a filed-stamped copy for our records.

By copy of this letter, we are providing a copy of the above to the Attorney for Plaintiffs in this case. Thank you for your attention to this matter.

Yours truly,

ROERIG, OLIVEIRA & FISHER, L.L.P.

Jeffrey D. Roerig

JDR/rom
Enclosures
cc:   Mr. Paul A. Higdon. - CM/RRR 7160 3901 9844 1941 8209

RUN DATE 06/18/03
RUN TIME 2:44 PM

2003-05-002724-E

BARBARA GARCIA AND ASHLEY RODRIGUEZ

VS

ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY

* * * C L E R K ' S   E N T R I E S * * *

05   29   03

00660201
PAUL A. HIGDON
5821 SOUTHWEST FREEWAY, STE. 501
HOUSTON, TEXAS 77057 0000

(10)   DAMAGES   30.00

00003508
HON. JEFFREY ROERIG
855 W. PRICE ROAD, SUITE 9
BROWNSVILLE TX   78520 8786

ROERIG,
OLIVEIRA & FISHER,

05/29/03 ORIGINAL PETITION FILED
05/29/03 CIVIL CASE INFORMATION SHEET
05/30/03 CITATION (CM): ALLSTATE PROPERTY AND
05/30/03 CASUALTY INSURANCE
         CASUALTY INSURANCE   FILED: 06/10/03
         SERVED: 06/04/03
05/30/03 ORIGINAL ANSWER: ALLSTATE PROPERTY AND
06/18/03 CASUALTY INSURANCE
06/18/03 JURY FEE: Pd. by HON. JEFFREY ROERIG

CAUSE NO. 2003-05-02724-E

| | | |
|---|---|---|
| BARBARA GARCIA AND | § | IN THE DISTRICT COURT |
| ASHLEY RODRIGUEZ | § | |
| | § | |
| VS. | § | 357TH JUDICIAL DISTRICT |
| | § | |
| ALLSTATE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

## NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that the Defendant, on the 20th day of June, 2003, filed in the United States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal of the above-referenced and numbered cause pursuant to 28 U.S.C. Sections 1441 and 1332. A copy of said Notice of Removal is attached hereto.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

By _____
    JEFFREY D. ROERIG
    Texas State Bar #17161700

Rosemary Conrad-Sandoval
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove
McAllen, Texas 78504
(956) 631-8049
(956) 631-8141 (Fax)
ATTORNEYS FOR DEFENDANT

DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL - Page 1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal has been mailed, Certified Mail No. 7160 3901 9844 1941 8247, Return Receipt Requested, to the Attorney for Plaintiffs, as follows:

Mr. Paul A. Higdon
STERN, MILLER & HIGDON
5821 Southwest Freeway, Suite 501
Houston, TX   77057

on this 20th day of June, 2003.

JEFFREY D. ROERIG