IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BARBARA GARCIA AND ASHLEY RODRIGUEZ | § § § | |
| VS. | § § | CAUSE NO. B-03-117 |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL | § § § | JURY DEMANDED |

## PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BARBARA GARCIA AND ASHLEY RODRIGUEZ, Plaintiffs in the above entitled and numbered cause, complaining of and against YVETTE GARCIA, ANITA GARCIA AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY. Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

I.

Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ reside in Harlingen, Texas.

II.

Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has been served and answered herein.

Defendant, YVETTE GARCIA may be served at: 19023 Ridley, Donna, TX 78537.

Defendant, ANITA GARCIA may be served at: 19023 Ridley, Donna, TX 78537.

III.
## SUBJECT MATTER JURISDICTION

Plaintiffs deny that this Court has subject matter jurisdiction. Defendant, however, has removed this case from State Court on the basis that subject matter jurisdiction in this case arises pursuant to 28 U.S.C. §1332, in that this is an action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

IV.

Plaintiff is a citizen of the State of Texas.

V.

Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY. is a corporation incorporated under the laws of a state other than Texas, having its principal places of business in Illinois, thus are citizens of a state other than Texas.

Defendant, YVETTE GARCIA is an individual residing in Hidalgo County, Texas.

Defendant, ANITA GARCIA is an individual residing in Hidalgo County, Texas.

VI.

Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, has regularly transacted business in Texas and committed a tort, in whole or in part, in Texas. Plaintiffs' causes of action arise out of and/or are connected to Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY's, contacts with the State of Texas.

## VII.
## VENUE

Venue is proper in this district, pursuant to 28 U.S.C. 1391 (a)(1) and (2) and (c), in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims arose in this District and the Defendants were subject to personal jurisdiction at the time this action was commenced in this District and Plaintiffs are residents of the Southern District of Texas.

## VIII.
## BACKGROUND FACTS

On or about March 18, 2002, Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, were involved in an incident which occurred in Harlingen, Cameron County, Texas. At the time in question, Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, sustained serious and disabling injuries when they were suddenly, violently, and without warning hit by a motor vehicle driven by YVETTE GARCIA, and owned by ANITA GARCIA, causing the Plaintiffs' injuries and damages complained of herein.

## IX.

At the time and on the occasion in question, YVETTE GARCIA, was operating the aforementioned vehicle in a negligent and careless manner. Such action on the part of Defendant, YVETTE GARCIA, constitutes negligence, which was the proximate cause of this incident and the resulting injuries and damages sustained by Plaintiff.

X.

Defendant, YVETTE GARCIA, was an agent and/or servant of Defendant, ANITA GARCIA. As such, Defendant, ANITA GARCIA is responsible for the conduct of YVETTE GARCIA due to master-servant relationship, which existed under the Doctrine of Respondeat Superior.

XI.

In the alternative and without waiving the foregoing, if Plaintiffs be mistaken in their contention that Defendant, YVETTE GARCIA, had a master-servant relationship with Defendant ANITA GARCIA, Plaintiff would show that YVETTE GARCIA was a borrowed servant of said Defendant.

XII.

At the time and on the occasion in question, Defendant, ANITA GARCIA, owned the vehicle driven by YVETTE GARCIA, specifically identified as a 1988 White Ford F150 Pickup, VIN No. 1FTEX15Y7JKA40328.

XIII.

Defendant, ANITA GARCIA, was negligent in entrusting said truck to YVETTE GARCIA. Defendant negligently entrusted the vehicle and duties and responsibilities to YVETTE GARCIA, because she knew or should have known that she was not a safe and prudent driver. Such acts of negligence were the proximate cause of Plaintiffs' resulting injuries and damages complained of herein.

XIV.

Plaintiffs would respectfully show unto the Court and Jury that for good and valuable consideration Defendant, ALLSTATE PROPERTY AND CASUALTY

INSURANCE COMPANY, issued and delivered to BARBARA GARCIA AND ASHLEY RODRIGUEZ, in Houston, Harris County, Texas, an automobile insurance policy insuring BARBARA GARCIA AND ASHLEY RODRIGUEZ. Said policy contained the standard uninsured/underinsured motorist clauses in which the insured should be legally entitled to recover the money damages under the uninsured/underinsured motorist clause as they would be able to from the owner or operator of an underinsured automobile due to bodily injury, sickness or disease, which was caused by the accident arising out of the ownership, maintenance and use of such automobile. Said policy was in full force and effect at the same time and on the occasion made the basis of this suit.

Plaintiffs have cooperated with the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and have furnished all medical evidence and bills, or notice thereof, to the Defendant and has cooperated with each and every request of said Defendant's representatives.

XV.

Plaintiffs have complied with all conditions precedent as provided in said policy of insurance. Plaintiffs would further show that, at the time in which Plaintiffs complied with the conditions precedent in said policy of insurance, said compliance was reasonable under the circumstances. Defendant has failed and refused, and still fails and refuses, to pay Plaintiffs any benefits under this policy as it is contractually required to do so.

XVI.

The injuries and damages suffered by Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, which form the basis of this lawsuit, arose out of an occurrence on or about March 18, 2002 in Harlingen, Cameron County, Texas. Plaintiffs BARBARA GARCIA

AND ASHLEY RODRIGUEZ was operating an automobile in Harlingen, Cameron County, Texas, when they was suddenly, violently and without warning involved in a collision caused by a third-party driver. Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, were an underinsured motorist as that respective term is defined under Texas law.

Plaintiffs would show that the underinsured motorist coverage, which is the basis of the complaint against Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, is a first party claim within the definition of Article 21.55 of the Texas Insurance Code.

Plaintiffs would show that they submitted their first party claim for Underinsured Motorist Insurance benefits to Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, which was received by said Defendant on April 15, 2002 and acknowledged by Defendant on April 22, 2002.

According to the provisions of Article 21.55 of the Texas Insurance Code, Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY needed to acknowledge receipt of the claim, commence an investigation of the claim and request all items, statements, and forms that the Defendant reasonably believed, at that time, would be required of the claimant, without prejudice to Defendant to request other necessary information beyond that time.

Plaintiffs would further show that the provisions of Article 21.55 of the Texas Insurance Code require the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, to have accepted or rejected Plaintiffs' claim within fifteen business days of receipt of any additional requested information from the claimant. Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY failed to

accept or reject the Plaintiffs' claim within the time period prescribed by Article 21.55 of the Texas Insurance Code and failed to commence a investigation.

Pleading further, Plaintiffs would show that Article 21.55 of the Texas Insurance Code provides that if the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, fails to have paid this claim within fifteen days of receipt of all items requested from claimants, that Defendant shall pay damages, including the amount of the claim, 18 percent per annum of the amount of the claim as damages, together with reasonable attorneys fees, said fees shall be taxed as part of the costs in the case.

Pleading further, Plaintiffs would show that Article 21.55 of the Texas Insurance Code provides that if the Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, fails to abide with the requirements of Article 21.55 of the Texas Insurance Code, that Defendant shall pay damages, including the amount of the claim, 18 percent per annum of the amount of the claim as damages, together with reasonable attorneys fees, said fees shall be taxed as part of the costs in the case.

Plaintiffs plead that in the event they should rightly recover under their first party claim, they seek to recover and should recover all damages afforded to them under the provisions of Article 21.55 of the Texas Insurance Code, said amount being within the jurisdictional limits of this Court.

Plaintiffs would further show that Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY committed, but not limited to, one or more violations of Texas Insurance Code Article 21.21 as follows:

    1.    Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which liability has become reasonably clear;

2. Compelling policyholders to institute suits to recover amounts due under its policies by offering substantially less than the amount ultimately recovered in suits brought by them;

3. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

4. Failing to affirm or deny coverage of a claim to a policyholder within a reasonable time after being put on notice;

5. With respect to the Texas personal automobile policy, delaying or refusing to settle a claim solely because there is other insurance of a different type available to satisfy partially or entirely the loss forming the basis of that claim.

6. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

In this regard, Plaintiffs would show that Defendant, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has unreasonably withheld benefits due and owing Plaintiff under the aforesaid insurance policy.

Plaintiffs would further show that Defendant's conduct also violated Texas Insurance Code Article 21.21 §4 (1) and §4 (2).

Plaintiffs would further show that the Defendant may be liable for treble damages, costs of court and attorney's fees pursuant to the Texas Insurance Code.

Plaintiffs would further show that the Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has breached its duty of good faith and fair dealing owed to Plaintiffs. In this regard, Plaintiffs would show that said breach was committed in a negligent manner and/or grossly negligent manner. Defendant ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY breached its duty of good faith and fair dealing, but not limited to, in the following ways:

1. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY refused to pay the amounts due Plaintiffs once liability became reasonably clear;

2. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has delayed settlement of Plaintiffs' claim without a reasonable basis for such delay;

3. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY has imposed a significant hardship upon its insured at a time when it knows that he is least able to endure it; and

4. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY used its superior economic bargaining power to make the claims process more arduous and time-consuming in an effort to lessen the likelihood that it would have to pay just claims. This is an unfair claims practice and is not supported by the terms of the policy, by the applicable laws and regulations, or by reasonable business practices.

5. ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY failed to conduct a reasonable investigation with respect to the claim.

Plaintiffs would further show that Defendant's actions indicate a conscious disregard for the rights and welfare of Plaintiffs and others similarly situated to Plaintiffs now herein sues for exemplary damages.

XVII.

Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiffs are entitled to recover from defendant the additional sum of 18% per year of the amount payable under the policy, together with a reasonable sum for the necessary services of plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

XVIII.

By reason of the occurrences made the basis of this action, including the conduct on the part of the Defendants, Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, sustained severe bodily injury to their head, back, and other parts of their body. Plaintiffs have suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of their natural life.

XIX.

As a result of the foregoing injuries, the Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, have suffered a loss of wages in the past and a loss of capacity to work and earn money in the future and, in reasonable probability, earning capacity has been impaired permanently.

XX.

Additionally, Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, have incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

XXI.

Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, would further show that they have sustained physical disfigurement in the past and, within all reasonable probability, they will sustain physical disfigurement in the future.

XXII.

Additionally, as a result of the injuries sustained in the occurrence made the basis of this suit, Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, have suffered in the past and will, in reasonable medical probability, continue to suffer permanent, physical impairment.

XXIII.

Pleading further, in the alternative, if it be shown that Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, were suffering from some pre-existing injury, disease, and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XXIV.

Plaintiffs are additionally entitled to recover pre-judgment interest at the highest legal rate allowed by law.

WHEREFORE PREMISES CONSIDERED, Plaintiffs, BARBARA GARCIA AND ASHLEY RODRIGUEZ, respectfully requests that Defendants, YVETTE GARCIA, ANITA GARCIA AND ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, be cited to appear and answer herein, jointly and severally, and that upon final trial, Plaintiff have judgment against Defendant for all actual damages sustained as requested herein in the sum of at least NINE HUNDRED THOUSAND DOLLARS ($900,000.00), together with cost of suit, pre- and post-judgment interest, and for such other and further relief, both general and special, at law and/or in equity, to which he may show himself justly entitled.

Respectfully submitted,

**STERN, MILLER & HIGDON**

*＊Paul A. Higdon*
**PAUL A. HIGDON**
SBN: 09590700
5821 Southwest Freeway, Suite 501
Houston, TX 77057
713/661-9900
713/666-5922 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in this matter by certified mail, return receipt requested, facsimile and/or by hand-delivery on this the 8th day of August, 2003.

*＊Paul Higdon*
**PAUL HIGDON**

＊Signed w/permission, Nancy Garcia