United States District Court
Southern District of Texas
FILED

JAN 0 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BARBARA GARCIA<br>AND ASHLEY RODRIGUEZ | §<br>§<br>§ | |
| VS. | § | CIVIL ACTION NO. B-03-117 |
| | § | |
| ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE COMPANY | §<br>§<br>§ | |

DEFENDANT ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY'S
RESPONSE TO PLAINTIFFS' MOTION TO REMAND
AND MOTION TO REMAND

NOW COMES, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, Defendant herein, and respectfully files this its Response to Plaintiffs' Motion to Remand and would show the Court the following:

I.

Procedural History

This case was originally filed in the State District Court of Cameron County, Texas, Cause No. 2003-05-2724-E in the 357th District Court for the State of Texas. This case was timely removed from the State District Court on or about June 20, 2003. On August 11, 2003, Plaintiffs filed an amended complaint. On September 15, 2003 an Initial Pretrial Conference was held before Judge Tagle. The Plaintiffs at that time announced an intention to file a Motion to Remand based on the Amended Original Complaint which added Anita Garcia and Evette Garcia as parties to the suit. On

or about October 2, 2003 an amended complaint was filed by the Plaintiffs.

Summons were issued for the additional Defendants on October 2, 2003. An answer was due on November 9, 2003 by Anita Garcia. An answer was due on November 12, 2003 by Evette Garcia. Both have failed to answer to date.

Plaintiff Barbara Garcia waited to file her Motion to Remand until December 15, 2003, long after the thirty day deadline to request a remand had expired under 28 USC §1447(a).

II.

Defendant would show that these Defendants should be severed from this cause of action pursuant to FRCP Rule 21.

Rule 21 provides in part that:

> "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately."

> "It is well settled that Rule 21 invests district courts with authority to allow a dispensable non-diverse party to be dropped at any time, even after judgment has been rendered." *Safeco Insurance Company v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994)."

This authority includes the authority for the court to retain diversity jurisdiction severing dispensable parties as necessary.

*Id.*, 36 F.3d 545.

> "Dropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court." William v. Hoyt, 556 F.2d 1336, 1341 (5th Cir. 1977).

III.

The statute relied on by Plaintiff provides for procedures after removal. 28 USC §1447(a) provides "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under §1446(a)."

Subsection (e) provides "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court."

Defendant would assert that Plaintiffs' Motion for Remand should be denied for the following reasons:

1. It is untimely;

2. It is based on fraudulent joinder.

See **Kopp v. Delta Experts, Inc.**, *186 F.3d 675, 677 (5th Cir. 1999)*.

In determining whether a non-diverse defendant can be joined post-removal, the U.S. Court of appeals for the Fifth Circuit has provided four factors to guide the Courts:

1) whether the purpose of the amendment is to defeat Federal jurisdiction;

2) whether a plaintiff is diligently requesting the amendment;

3) whether a plaintiff will be prejudiced if the amendment is denied; and

4) any other factors bearing on the equities.

**Ehrhardt v. Electrical & instrumentation Unlimited of Los Angeles**, *137 F.Supp.2d 765, 766 (D.C. Ed (Tex.) 2001)*; cite untimely late filed cases.

Defendant would show that newly named Defendants Anita Garcia and Evette Garcia are dispensable parties to the suit which was originally brought solely against Allstate Insurance

Company. It is clear by the fact that Plaintiffs failed to originally sue these parties that their joinder was for the purpose of creating to subject matter jurisdiction. Plaintiff has not filed for a default judgment. Plaintiff's pleading and preliminary investigation reveals that these individuals are uninsured and, therefore, the likelihood of recovery against them is nil. Further, Plaintiff can pursue any course of action that she might have against them via separate suit in state court. Plaintiffs would not be prejudice by this severance because Allstate Property and Casualty Insurance Company could fully satisfy any judgment. *See **Stewart v. Marriot Courtyard**.*

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs' Motion to Remand be dismissed and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully Submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Facsimile: (956) 542-0016

Attorneys for Allstate Property and Casualty Insurance Company

By_____
Jeffrey D. Roerig
State Bar No. 17161700
Federal ID No. 1503
Rosemary Conrad-Sandoval
State Bar No. 04709300
Federal ID No. 13738

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S MOTION TO REMAND has been served to counsel of record, to wit:

Mr. Paul Higdon
STERN, MILLER & HIGDON
5821 Southwest Freeway, Suite 501
Houston, Texas 77057
Via CMRRR: 7160 3901 9848 1267 9580

on this  5th  day of  January, 2004.

_____
Jeffrey D. Roerig
Rosemary Conrad-Sandoval