IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 8 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BARBARA GARCIA AND<br>ASHLEY RODRIGUEZ | §<br>§<br>§ | |
| VS. | §<br>§ | CAUSE NO. B-03-117 |
| ALLSTATE PROPERTY AND CASUALTY<br>INSURANCE COMPANY, ET AL | §<br>§ | JURY DEMANDED |

## PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE U.S. DISTRICT JUDGE:

PLAINTIFFS, BARBARA GARCIA AND ASHLEY RODRIGUEZ file this Reply to Defendant's Response to Plaintiffs' Motion to Remand under 28 U.S.C. §1447(e).

I.

Defendant argues that this Court should sever the Codefendants, which have just been joined in this litigation. This is unnecessary and would cause prejudice to the Plaintiffs, who have just incurred time and expense serving these Defendants and joining them in this litigation. This, after an unopposed Motion to join them as Codefendants was filed and ruled upon by this Court without opposition from Defendant Allstate Property and Casualty Insurance Company.

II.

Defendant also claims that the Motion to Remand is untimely and based on fraudulent joinder. Both of these conclusions are incorrect. First, the motion was timely filed under 28 U.S.C. section 1447 (e). Defendant contends that

plaintiff had 30 days to file a motion for Remand. This applies only to certain procedural defects, which 27 U.S. C. section 1447 (e), is not.

With respect to the fraudulent joinder, the burden of proof is on the Defendants to prove the joinder was fraudulent. In this case, the burden cannot be met. Specifically, the Codefendants in this case were joined for the specific purpose of not having to litigate the same case twice. In the event that the indispensable parties are not joined in this lawsuit, the case would have to be tried in this Court and a second time in the State District Court. This is a complete waste of judicial resources and time.

Plaintiffs have not filed for default judgment against the non-diverse Codefendants for the reason that it is unlikely that this Court has subject matter jurisdiction over the case as a whole. Accordingly, the judgment would be susceptible to challenge at any time given that the issue would involve the jurisdiction of the Court.

Defendant, Allstate Property and Casualty Insurance Company has failed to set forth any reason why it would be unfairly prejudiced in litigating this matter in the State District Court.

Wherefore, premises considered, Barbara Garcia and Ashley Rodriguez, Plaintiffs, pray that the Motion To Remand be granted, and that they be given such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

STERN, MILLER & HIGDON

_____
PAUL A. HIGDON
Federal ID: 8794
SBN: 09590700
5821 Southwest Freeway, Suite 501
Houston, TX 77057
713/661-9900
713/666-5922 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in this matter by certified mail, return receipt requested, facsimile and/or by hand delivery on this the 27th day of January, 2004.

_____
PAUL HIGDON