IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED

MAR 0 3 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| BARBARA GARCIA AND ASHLEY RODRIGUEZ  Plaintiffs, | § § § § § | |
| v. | § | CIVIL ACTION NO. B-03-117 |
| ALLSTATE PROPERTY AND CASUALTY INS. CO.  Defendant. | § § § § § § | |

## ORDER ON REMAND

BE IT REMEMBERED that on March 2, 2004, the Court **GRANTED** Plaintiffs' motion to remand [Dkt. No. 17].

I.  **Background**

This case was filed in the 357th Judicial District Court of Cameron County, Texas. On June 20, 2003, the Defendants removed the case claiming the Court had original diversity jurisdiction. On August 11, 2003, Plaintiffs filed a motion for leave to amend their complaint to add certain non-diverse parties. Defendants never responded to the motion to amend.

The Court held an initial pretrial conference on September 15, 2003. At that hearing, Plaintiffs stated the amended complaint would add non-diverse defendants thus defeating diversity jurisdiction. Defendants again did not object to the motion for leave to amend. Counsel for Defendants stated "[w]e don't hotly contest whether or not they're entered. I just think it is ludicrous to serve them and have them default." The Court orally granted the motion for leave to amend the complaint. On October 2, 2003, Plaintiffs filed an amended complaint, and summonses were issued for Yvette Garcia and Anita Garcia. Both were served; neither has answered.

On December 15, 2003, Plaintiffs filed a motion to remand. The issues have

now been briefed, and the motion is ripe for consideration.

## II. Discussion

### A. Arguments of the parties

Plaintiffs argue that the addition of the non-diverse parties defeats diversity jurisdiction; therefore, the Court is obligated to remand pursuant to 28 U.S.C. § 1447(e).

Defendants, on the other hand, argue that Plaintiffs' motion to remand is untimely because it was filed more than thirty days after the removal. Defendants also argue that the non-diverse Defendants should be severed pursuant to Federal Rule of Civil Procedure 21 because the non-diverse Defendants are dispensable parties. Finally, Defendants argue the non-diverse Defendants are fraudulently joined.

### B. *Cobb v. Delta Exports, Inc.*

As an initial matter, Plaintiffs' motion to remand is timely, if dilatory. "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The thirty day limitation applies only to motions to remand based on procedural grounds, as opposed to motions to remand based on the argument that the Court lacks subject matter jurisdiction. The latter motion can be filed at any time; indeed, the Court is obligated to continuously review whether it has subject matter jurisdiction. The instant motion to remand is based on a lack of subject matter jurisdiction and is timely.

This case is factually indistinguishable from the controlling Fifth Circuit case of *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999). In that case, Cobb filed a lawsuit in state court; defendants removed; Cobb filed a motion for leave to amend his complaint to add non-diverse defendants; and defendants consented to the amendment. The Fifth Circuit reversed the district court's decision not to remand, holding that the plain language of 28 U.S.C. § 1447(e) requires a remand. *See id.* at 677. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Like Defendants in this case, the defendants in *Cobb* argued that the non-

diverse defendants were fraudulently joined. The Fifth Circuit held "[t]he doctrine [of fraudulent joinder] simply does not apply to defendants who are joined after an action is removed, for in such cases, the defendants have a chance to argue against joinder before the court grants leave to amend. . . . Indeed, once it permitted joinder of the non-diverse defendants, the court lost subject matter jurisdiction and thus had no power even to consider whether fraudulent joinder applied." *Id.* at 678.

The Fifth Circuit even addressed whether its holding applied to non-diverse defendants who were dispensable parties. "[P]ost-removal joinders, whether dispensable or indispensable, are controlled by § 1447(e)." *Id.* at 681.

Under the circumstances, *i.e.*, controlling Fifth Circuit authority addressing all four corners of the facts and arguments of this case, the Court is bound to remand this case.

### III. Conclusion

The Court finds that the parties are not diverse; therefore, pursuant to 28 U.S.C. § 1447(e), Plaintiffs' motion to remand [Dkt. No. 17] is **GRANTED**. The clerk of the court is **ORDERED** to **REMAND** this case to the 357th Judicial District Court of Cameron County, Texas.

DONE at Brownsville, Texas, this 2nd day of March 2004.

Hilda G. Tagle
United States District Judge